### HAMMACHER and others *v*. WILSON.

*(Circuit Court, D. Massachusetts.* November 3, 1887.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—DAMAGES AND PROFITS.
   Under a decree directing the master to take an account of the profits which the defendant had received from the infringement of the patented invention, and to report the damages, if any, in addition to the profits, the master found that the complainant's profits were in excess of his damages, and reported the amount of the profits realized by the defendant attributable to the patented invention. *Held*, that an allowance to the defendant of 10 per cent. of the entire profits, as manufacturer's profits, was reasonable, and that the complainant was not entitled to any damages in addition to profits.

2. SAME.
   On an accounting for infringement, it appeared that, prior to a certain date, the defendant had had an exclusive license to manufacture and sell the patented article, paying a license fee of about 10 per cent. on the proceeds realized, and that subsequently the complainant had acquired a similar license, which continued in force to the bringing of the suit, paying a royalty of three cents per article on all sales. *Held*, that the evidence failed to show such an established license fee as would constitute a proper measure of damages.

3. SAME.
   Whether or not the statement made on the accounting of the costs in the manufacture and sale of the patented article, and patented improvements thereon, presented a reliable basis for the calculation of profits made, and whether or not the master should not, therefore, have reported the license fee alone, as the proper amount of the complainant's recovery, are questions of fact for the master.

4. SAME—INFRINGEMENT—DAMAGES—MASTER'S REPORT.
   Upon the hearing of exceptions to a master's report of profits, the defendant requested the court to direct the master to report the evidence necessary to a clear understanding of the exceptions. It appeared that the evidence was taken orally before the master, who only took notes, and that no request was made at the time that the testimony should be reported to the court. The master stated that it would be impossible to convey to the court a correct idea of all the testimony upon the accounting. *Held*, that the motion should be refused.

In Equity. On exceptions to master's report. See 26 Fed. Rep. 239.

*D. C. Linscott*, for complainants.

*I. D. Van Duzee*, for defendant.

COLT, J. This case now comes before the court on exceptions to the master's report. The master was directed to take an account of the profits which the defendant had received from the infringement of the patented invention, and to report the damages, if any, in addition to the profits, which the complainants have sustained since August 16, 1880. The master finds that the defendant has made and sold 4,092 pairs of the infringing pedal feet, and that the profits realized by the defendant

attributable to the patented invention were $632.36. He does not consider the complainants entitled to the entire profits made by the defendant, but only such profits as may fairly be attributed to the patented invention, and he therefore allows the defendant 10 per cent. of the entire profits. The master also finds that the complainants' profits are in excess of their damages; and that, consequently, they are not entitled to recover any damages in addition to profits.

It is clear that the complainants were not entitled to an allowance of the entire profits realized from the sales of the pedal feet, but only to such as might be attributable to the patented improvement. In making an allowance of 10 per cent. to the defendant, the master was right, and the complainants' exception to this finding should be overruled.

The defendant has also filed numerous exceptions. The most important exception raises the question whether the master did not err in finding some other measure of profits and damages than the license fee. Previous to August 16, 1880, the defendant had an exclusive license to manufacture and sell the patented pedal feet, paying a license fee of about 10 per cent. on the proceeds realized. Subsequently the complainants, Hammacher & Co., acquired an exclusive license, paying a royalty of three cents per pair on all sales. It may be doubted whether this evidence shows such an established license fee as would constitute a proper measure of damages. But even if such license fee were shown, the master was directed to find profits as well as damages, and he finds the profits realized equal a certain sum, while he makes no allowance for damages based upon the license fee, because the profits are in excess of the damages. I can discover no error in these findings.

The defendant also excepts to the amount of profits found by the master, on the ground that the statement of costs in the manufacture and sale of the pedal foot, and patented improvement thereon, presented no reliable basis for a calculation of profits, and that the master should have reported the license fee alone as the proper amount for the complainants to recover. This was a question of fact, for the master to decide, and I see no reason to disturb it upon the record before me.

The defendant also excepts to the mode in which the master calculated the profits on the patented improvement, and he contends that the amount allowed was excessive, and he also excepts to certain findings of fact. Upon careful examination, I am satisfied that the master committed no error in these respects.

The other exceptions are immaterial. The evidence was taken orally before the master, who only took notes, and no request was made at the time that it should be reported to the court. The master says it would be impossible to convey to the court a correct idea of all the evidence upon this accounting. Under these circumstances, I do not see how the court can properly comply with the request of the defendant to direct the master to report the evidence necessary to a clear understanding of the exceptions.

Exceptions overruled.